UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EARL SCHMIT**                                         **CIVIL ACTION**

**VERSUS**                                              **NO. 07-5553**

**LIBERTY MUTUAL FIRE**                                 **SECTION "S" (1)**
**INSURANCE COMPANY**

## ORDER AND REASONS

**IT IS ORDERED** that the motion to remand (Rec. Doc. 4) is **GRANTED.**

## BACKGROUND

On July 19, 2007, Plaintiff, Earl Schmit, filed suit in the in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against defendant, Liberty Mutual and Fire Insurance Company, alleging that his property located in Metairie, Louisiana, was insured by Liberty when it suffered damage as a result of Hurricane Katrina. Schmit further alleges that he submitted the required proof of loss, but Liberty breached the contract of insurance when it failed to pay him all amounts due under the policy. Schmit also alleges that Liberty engaged in unfair and deceptive trade practices in violation of Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statute § 51:4101, and he requests all damages to which he may be entitled, including attorneys' fees.

Thereafter, Liberty removed the case to this Court arguing diversity jurisdiction under 28 U.S.C. § 1332, because Schmit is a citizen of Louisiana and Liberty is a foreign non-Louisiana

insurer and is a citizen of Wisconsin with its principal place of business in Massachusetts.

Schmit has filed a motion to remand arguing that although the parties are diverse, this Court does not have diversity jurisdiction because the amount in controversy does not exceed $75,000.

## DISCUSSION

### A. Standard of Review

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The entire record is examined for a proper understanding of the true nature of the complaint. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.1992).

### B. Diversity Jurisdiction

In Schmit's motion to remand, he argues that the amount in controversy does not exceed $75,000 because although his insurance policy limits exceed that amount, his contractor has estimated that his losses do not exceed $75,000. Schmit represents that he is not seeking treble damages allowed under LUTPA, and he has not incurred attorneys fees because he is representing himself. Schmit filed a stipulation that he will not seek more than $75,000.

Liberty argues that Schmit's petition alleges that he is entitled to property damages, attorneys' fees which he may incur, and he has asserted a claim under LUTPA, which necessarily includes a claim for treble damages. Liberty points out that Schmit's unpaid coverage exceeds $75,000.

In Louisiana state courts, plaintiffs are not allowed to plead a specific amount of money

damages. The United States Court of Appeals for the Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999). This burden is satisfied by the defendant either showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount, or by presenting facts supporting a finding that the jurisdictional amount is satisfied. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

When the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. *Id.* at 1336. If the defendant meets its burden, the plaintiff can defeat removal only establishing with legal certainty that the claims do not exceed $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). The court may consider post-removal affidavits or stipulations only in limited circumstances to determine the amount in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir.2000). Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc*., 200 F. 3d 335, 339 (5th Cir. 2000).

Although Liberty contends that Schmit's policy limits, possible attorneys' fees, and treble damages under LUTPA demonstrate that his claims exceed $75,000, Schmit concedes that there are no attorneys' fees because he is representing himself, and that he is not seeking treble damages. Further, Schmit filed a stipulation that he will not seek more than $75,000. The burden is on Liberty to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Liberty has not met its burden of proof that the jurisdictional amount exists, and this Court lacks

3

diversity jurisdiction. Accordingly, the motion to remand is granted.

## CONCLUSION

The motion to remand is **GRANTED.**

New Orleans, Louisiana, this ___28th___ day of November, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**